**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Dennis J. CLINTON, aka Dennis Lee Clinton, Defendant–Appellant.**

**United States of America,
Plaintiff–Appellee,**

v.

**William Joseph Ferry, Defendant–Appellant.**

**Nos. 13–50579, 13–50582.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 20, 2015.*

Filed Oct. 29, 2015.

Jean–Claude Andre, Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, Ellen Meltzer, Special Counsel, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

Phillip A. Trevino, Esquire, Law Offices of Phillip A. Trevino, Los Angeles, CA, for Dennis J. Clinton.

Verna Jean Wefald, Esquire, Attorney at Law, Pasadena, CA, for William Joseph Ferry.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: IKUTA and OWENS, Circuit Judges and SESSIONS,** District Judge.

### MEMORANDUM ***

Dennis Clinton and William Ferry appeal convictions for conspiracy, mail fraud, and wire fraud. Because the parties are familiar with the facts, we do not recount them except as necessary. Having jurisdiction under 28 U.S.C. § 1291, we reject the appellants' claims and affirm.

First, we decline to address Clinton's ineffective assistance of counsel claim. " 'As a general rule,' we do not review [these] claims on direct appeal" and neither exception to the rule applies here. *See United States v. Benford,* 574 F.3d 1228, 1231 (9th Cir.2009).

Second, the district court did not abuse its discretion in excluding evidence of a co-defendant's dismissal as more prejudicial than probative. The dismissal was not probative of the appellants' guilt or innocence and evidence of the dismissal created an "undue tendency" that the jury would rely on an improper basis to decide the case. *See United States v. Gonzalez–Flores,* 418 F.3d 1093, 1098 (9th Cir.2005); *United States v. Hitt,* 981 F.2d 422, 424 (9th Cir.1992).

Third, the district court did not err when it held an ex parte hearing with the government concerning the co-defendant's dismissal. The district court properly reviewed the government's reasons for dismissing the co-defendant in camera to determine if the information was exculpatory, and as a result would need to be disclosed to the defendant. *See Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); *United States v. Alvarez,* 358 F.3d 1194, 1208–09 (9th Cir.2004).

Fourth, the transcript of the ex parte hearing should remain sealed. After determining that the transcript was not relevant to the defendants' defense, and therefore not *Brady* material, the district court had no obligation to release it. *See Alvarez,* 358 F.3d at 1208.

Appellant's motion for judicial notice is denied.

**AFFIRMED.**